UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAVARES COTLAND SCOTT,<br><br>Petitioner,<br><br>v.<br><br>A. HEDGPETH,<br><br>Respondent. | NO. EDCV 10-1222-SJO (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which the parties have objected. The Court accepts the findings and recommendation of the Magistrate Judge.

Respondent objects that the dismissal is without prejudice. (Respondent Objections at 1.) Respondent argues that Petitioner has procedurally defaulted all of the grounds in the Petition and that the dismissal should therefore be with prejudice. Respondent relies on *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). (*Id.* at 2.) In *O'Sullivan*, Boerckel, an Illinois state prisoner appealed his conviction to the intermediate state court of appeal, which

affirmed. *Id.* at 840. His petition for leave to appeal before the Illinois Supreme Court did not list three of the grounds he had raised before the lower court. After the Illinois Supreme Court denied his petition for leave to appeal, and without filing any state habeas petitions, Boerckel filed a federal petition in which he raised, among other grounds, the three he had failed to list in his petition before the Illinois Supreme Court. *Id.* at 841. The United States Supreme Court concluded that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. The court's conclusion was grounded in 28 U.S.C. § 2254(c), which "requires only that state prisoners give state courts a *fair* opportunity to act on their claims. * * * Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844 (emphasis in original). According to the court, section 2254(c) "directs federal courts to consider whether a habeas petitioner has 'the right *under the law of the State to raise, by any available procedure*, the question presented.'" *Id.* at 847 (quoting statute, emphasis in opinion). Thus, the court found that the "exhaustion doctrine . . . turns on an inquiry into what procedures are 'available' under state law. * * * We hold today only that the creation of a discretionary review system does not, without more, make review in the Illinois Supreme Court unavailable." *Id.* at 847-48. Consequently, the court found that Boerckel had procedurally defaulted the three unexhausted grounds. *Id.* at 848.

Respondent reads *O'Sullivan* to hold that California inmates must timely present all of their claims to the California Supreme Court or their claims are procedurally barred. (Respondent Objections at 2.) "The slim possibility that a California court may reconsider one of Scott's eight grounds in a collateral-review

2

proceeding under California's habeas-corpus rules is not dispositive for determining exhaustion and procedural default today." (*Id.* at 3.)

Such a cramped reading of *O'Sullivan* was rejected by *Park v. California*, 202 F.3d 1146 (9th Cir. 2000). In *Park*, a California inmate completed a full round of direct appeal challenging his conviction. *Id.* at 1149. Subsequently, Park filed a state habeas petition before the California Supreme Court in which he raised three grounds. *Id.* The court denied the petition citing *In re Dixon*, 41 Cal. 2d 756, 759 (1953). According to the Ninth Circuit, *Dixon* "stands for the proposition that an inexcusable failure to bring a trial-error claim on direct appeal normally bars consideration of that claim on habeas." *Id.* The Ninth Circuit reversed the district court's denial of the grounds based on procedural default. *Id.* at 1155. First, the court concluded that "the California Supreme Court's terse denial based on *Dixon* did not identify a particular procedural rule that completely barred Park's federal constitutional claims." *Id.* at 1153 (citation and quotation marks omitted). Second, the court rejected *O'Sullivan* as a bar because "Park escaped the inchoate federal habeas consequence of his failure by subsequently pursuing his new claims on state habeas." *Id.* "In effect, California provided Park a second chance, and for our purposes, he took advantage of it." *Id.; see also Carpenter v. Ayers*, 548 F. Supp. 2d 736, 745 (N.D. Cal. 2008) ("nowhere in *Boerckel* does the Supreme Court indicate that it is announcing, for the first time, a federal procedural default rule separate from the established procedural default jurisprudence").

As Petitioner states in his objections, on February 24, 2011, he submitted a state habeas petition raising the eight unexhausted grounds to the California Supreme Court. (Petitioner Objections at 1-2.) The Court takes judicial notice of the Supreme Court's online docket in Case No. S191087, which confirms that on February 28, 2011, Petitioner filed a petition for writ of habeas corpus, which is

3

| | |
|---|---|
| 1 | still pending.  *See Headwaters Inc. v. United States Forest Service*, 399 F.3d |
| 2 | 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case). |
| 3 | Accordingly, Respondent's objection is overruled. |
| 4 | To the extent Petitioner is arguing that because he has filed a state habeas |
| 5 | petition before the California Supreme Court, the petition is now exhausted, his |
| 6 | argument is rejected.  Claims are not exhausted until the state court has ruled. |
| 7 | *See Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) |
| 8 | (exhaustion "reflects a policy of federal-state comity, an accommodation of our |
| 9 | federal system designed to give the State an initial opportunity to pass upon *and* |
| 10 | *correct* alleged violations of its prisoners' federal rights" (citations and quotation |
| 11 | marks omitted, emphasis added). |
| 12 | IT IS ORDERED that Judgment be entered denying the Petition and |
| 13 | dismissing this action without prejudice. |
| 15 | DATED: July 21, 2011. |

_____
S. JAMES OTERO
United States District Judge